IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GINGER MORRIS,

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Civ. No. 1:10-cv-01312-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge.

This case comes before the Court on an unopposed motion for attorney fees under 42 U.S.C. § 406(b) in the amount of $5,663.06, with the stipulation that, upon payment of the 406(b) fees, Plaintiff's attorney will refund the $4,385.35 in EAJA fees previously awarded. Having reviewed the proceedings and the amount of fees sought, the Court concludes that Plaintiff's attorney is entitled to the fees requested. The motion (#25) should be GRANTED.

Page 1 – REPORT & RECOMMENDATION

## PROCEDURAL BACKGROUND

On October 21, 2010, Plaintiff filed her claim to obtain judicial review of a final decision of the Commissioner, which denied her application for Title XVI supplemental security income disability benefits under the Social Security Act. On September 7, 2011, the parties filed a stipulated motion to remand the case to the Commissioner of Social Security for further proceedings (#17), and the Court remanded the case as requested (#18). On November 2, 2011 this Court granted a stipulated application for plaintiff's attorney fees pursuant to EAJA, in the amount of $4,385.35. Finally, on January 30, 2014, plaintiff's attorney filed this motion for attorney's fees under 42 U.S.C. § 406(b).

## DISCUSSION

Under 42 U.S.C. § 406(b), a court entering judgment in favor of an SSDI claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009). In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002). Also, in contrast to fees awarded under fee-shifting statutes, under which "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client," id. at 806, the court-awarded fee is the only way a successful SSDI attorney may recover fees for work performed before the district court. Crawford, 586 F.3d at 1147. In fact, it is a criminal offense for an attorney to collect fees in excess of those allowed by the court. Id.; 42 U.S.C. § 406(b)(2); see also Gisbrecht, 535 U.S. at 806–07. Accordingly, when a court approves both an EAJA fee

and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. Gisbrecht, 535 U.S. at 796.

Under the Supreme Court's decision in Gisbrecht, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. In this case, counsel has submitted the relevant agreement (#25-2), which shows federal court appearance, followed by a favorable outcome, will result in a fee "equal to 25% of any past-due benefits resulting from my claim, without limitation to the maximum amount [set by section 206(a)(2)(A) of the Social Security Act]." Thus, the terms of the agreement are within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Counsel has included the "Notice of Award," from the Society Security Administration (#25-3), which states the retroactive benefits due, and indicates that amount to be $46,652.25. The $5,663.06 fee requested, combined with the $6,000 agency fee already awarded, is exactly 25 percent of the indicated award of retroactive benefits; therefore it is within the statutory limit.

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. Newton v. Colvin, 2013 WL 3119564 (D. Or. June 18, 2013). Counsel bears the burden to establish the reasonableness of the requested fee. Gisbrecht, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. Id. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive

Page 3 – REPORT & RECOMMENDATION

disability benefits in a disproportionate payment to counsel. Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in Gisbrecht:

> 1. the character of the representation, specifically, whether the representation was substandard;
> 2. the results the representative achieved;
> 3. any delay attributable to the attorney seeking the fee; and
> 4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

Crawford, 586 F.3d at 1151–53 (citations omitted). The Ninth Circuit, in Crawford, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

The record in this case provides no basis for a reduction in fee due to the character of counsel's representation, and the results achieved – a stipulated remand for further administrative proceedings, and eventual payment of benefits – are wholly positive and can only be described as successful.

Per Local Rule 4000-8 in the District of Oregon, "Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable." In this case, the Notice of Award indicates it was sent to the claimant on May 9, 2013. Counsel filed her application for the requested fee on January 30, 2014, representing a significant delay of over eight months. However, it appears that counsel did

not receive a copy of the Notice from the Social Security field office until January 27, 2014. Thus, her January 30 filing date was timely and appropriate.

A district court may reduce a section 406(b) award if "benefits ... are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." Gisbrecht, 535 U.S. at 808. Here, the claimant was granted a substantial award of past-due benefits the result of counsel's work. Previously, seeking EAJA fees, counsel submitted a timesheet representing 24.25 hours spent working on Plaintiff's case. Counsel has requested a fee of $5,663.06, which would result in an effective hourly rate of $231.14 per hour, which is well below hourly rates regularly approved by the court. The amount is proportional and reasonable for the benefits ultimately awarded.

Counsel argues that the court should consider not only the specific risk posed by a particular case, but the general risk undertaken by Social Security practitioners. The Court finds that the degree of risk was typical and does not weigh for or against a reduced fee award.

## RECOMMENDATION

Based on the foregoing analysis, the Motion for Attorney Fees (#25) should be GRANTED. Counsel should be awarded $5,663.06 under section 406(b). Counsel should also be required to refund to her client $4,385.35 in EAJA fees previously awarded in this case.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this __25__ day of February, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge